IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MATTIEU BURKS,

          Plaintiff,          Civil Action No.
                                                  9:16-CV-0759 (FJS/DEP)

   v.

CHAD STICKNEY, *et al.*,

          Defendants.

_____

APPEARANCES:                               OF COUNSEL:

FOR PLAINTIFF:

STOLL, GLICKMAN & BELLINA LLP      LEO GLICKMAN, ESQ.
475 Atlantic Avenue, Third Floor
Brooklyn, New York 11217

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN         DENISE P. BUCKLEY, ESQ.
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in connection with this matter is a

motion brought by plaintiff Mattieu Burks to compel discovery. Dkt. No. 51.

The subject of the motion are two requests demanding documents concerning

investigations of individuals employed by the New York State Department of Corrections and Community Supervision ("DOCCS") and working at the Clinton Correctional Facility concerning the smuggling and/or secreting of contraband and prisoner abuse. *Id.* Defendants oppose plaintiff's motion. Dkt. No. 53.

Oral argument was heard in connection with plaintiff's motion during a recorded telephone conference held on June 13, 2017. At the close of the conference I denied plaintiff's motion but ordered the production of certain information deemed by the court to be relevant to plaintiff's claims. Based upon the oral and written presentations of the parties and the court's bench decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

(1) On or before July 1, 2017, defendants shall produce to plaintiff a list of all known investigations conducted of DOCCS employees at the Clinton Correctional Facility and in progress at any time between January 1, 2015 and August 31, 2015, related to the issue of smuggling and/or secreting of contraband, or prisoner abuse, at the facility. Such list shall include the dates on which the investigation began and ended, state the subject of the investigation, and identify any DOCCS employees whose actions were investigated.

(2) On or before July 1, 2017, the defendants shall advise plaintiff of the dates over which the investigation into the actions of defendant Chad Stickney, referred to in paragraph twelve of the declaration of Sean Mousseau (Dkt. No. 53-1), was conducted.

(3) The foregoing requirements, and specifically the July 1, 2017 compliance date, shall be automatically stayed in the event of an appeal of this ruling to Senior District Judge Frederick J. Scullin.

(4) With the exception of the foregoing, plaintiff's motion to compel discovery (Dkt. No. 51) is DENIED.

(5) No costs or attorney's fees are awarded to any party in connection with plaintiff's motion to compel.

Dated: June 14, 2017
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge