

# Leo Glickman

| | |
|---|---|
| **From:** | Denise Buckley <Denise.Buckley@ag.ny.gov> |
| **Sent:** | Monday, April 24, 2017 11:43 AM |
| **To:** | Leo Glickman |
| **Subject:** | RE: Burks v Stickney et al |

Leo,

DOCCS can arrange for you and your client Mattieu Burks to review the photo arrays at Clinton Correctional Facility on May 15th at 10:00 am. The photo arrays consist of 30 black and white photographs of the officers on duty in C-Block at the time of the alleged incident, as well as other officers on duty in the area who might have had a reason to be in C-Block by virtue of their assignments. Color copies of the photographs are not available. We object to your contention that you should be permitted to review photographs of other correction officers who were not included in the original photo arrays.

We repeat our objections to your mischaracterization of the contents of the OSI Final Investigative Report and your other sensationalistic claims unrelated to this litigation.

Best regards,

**Denise Buckley | Assistant Attorney General**
Litigation Bureau
NYS Office of the Attorney General
State Capitol | Albany, NY 12224
Tel: (518) 776-2294 | Fax: (518) 915-7738 | denise.buckley@ag.ny.gov


**From:** Leo Glickman [mailto:lglickman@stollglickman.com]
**Sent:** Friday, April 21, 2017 3:34 PM
**To:** Denise Buckley <Denise.Buckley@ag.ny.gov>
**Subject:** RE: Burks v Stickney et al

Any idea about the photo arrays per below?

**From:** Leo Glickman
**Sent:** Tuesday, April 11, 2017 12:40 PM
**To:** 'Denise Buckley' <Denise.Buckley@ag.ny.gov>
**Subject:** RE: Burks v Stickney et al

Denise –
Below is my response to your letter dated April 7 in response to my March 10 letter.

Document Request Nos. 5-7, 9-11
Though the union representing the interests of DOCCS, NYSPCOBA, routinely published photographs and names of correction officers on their website, in the interest of continuing to move the litigation forward we will agree to review the photos without retaining originals or copies.
However, we are concerned that the photo arrays originally shown to plaintiff did not include the officers who we allege assaulted him. Indeed, the report concludes that plaintiff had not identified any of his alleged assailants. Though it is

1

not clear from the produced items, it does appear that the focus of the investigation was on correction officers on the 3-11 pm shift on the day of the incident.  Plaintiff alleged that the assault took place between 10-12, so it is certainly possible that officers from the next shift, 11-7, were involved.  I do not suggest this to impugn the investigation, only to help identify the officers who allegedly assaulted him.  We therefore believe that, beyond the photo arrays originally shown, we should be permitted to review photographs of other correction officers who may have not been included in the original photo arrays.  I do not read your letter as foreclosing this type of review.  If I am correct, let's discuss the parameters of the request.

As you your denial that Investigator Weishaupt alleged a cover up, we will rest on his actual words "Okay.  Look, we know each other, we've known each other a long time.  I'm gonna be straight up front with you.  This thing looks like a cover-up."  The reason this allegation – or whatever you want to call it – is relevant is because it was prison authorities who had total control over the evidence in this matter.  We believe it is incumbent on the defendants to produce information and materials to help identify the alleged perpetrators, in addition to witnesses and evidence because of the "thing that looks like a cover-up" and the investigation that "defied logic".

Document Request Nos. 12-13
It is disappointing to read that Attorney General Eric Schneiderman's office would deny that state employees enables the escape of Richard Matt and David Sweat through smuggling contraband when his own client, the Inspector General's office made this very finding.  I refer you to page 88 of the June, 2016 report by the New York State Office of the Inspector General, which says, "Indeed, the negligence enable Joyce Mitchell to smuggle the very tools of Matt's and Sweat's escape, including hacksaw blades and chisels, into the prison with little fear of detection. It also facilitated Correction Officer Eugene Palmer's frequent ferrying of contraband…"

What is bizarre here is that the top law enforcement officer of this state would deny the facts established by an investigation conducted by their own client in this litigation.  It hardly promotes confidence that Schneiderman and his office are taking their role as prosecutor pursuant to Executive Law sec. 63(3) seriously.

Furthermore, our claim of widespread brutality and cover up is not "unsubstantiated".  Your office may choose not to believe it, but as we note in our letter, it is extremely well documented and substantiated by the New York State Correctional Association.  I only wish that Mr. Schneiderman's office would take their report seriously rather than reject them out of hand.

At any rate, please let's follow up on the issue of the photo arrays.  As for dates, I have a trial starting May 1.  I can either do it on April 14, or would have to wait until May 15, though anytime that week or next would work for me.

In addition, I am providing you our FOIL request to the Office of Inspector General as a courtesy to you.


Leo Glickman
Stoll, Glickman & Bellina, LLP
718-852-3710
www.stollglickman.com

Brooklyn office:                     Uptown Manhattan Office:
475 Atlantic Ave., 3rd Floor     5030 Broadway, Ste. 652
Brooklyn, NY 11217                  New York, NY 10034

**From:** Denise Buckley [mailto:Denise.Buckley@ag.ny.gov]
**Sent:** Friday, April 07, 2017 4:17 PM
**To:** Leo Glickman <lglickman@stollglickman.com>
**Subject:** Burks v Stickney et al

Leo,

Reply to your March 10th letter attached.

Best regards,

**Denise Buckley | Assistant Attorney General**
Litigation Bureau
NYS Office of the Attorney General
State Capitol | Albany, NY 12224
Tel: (518) 776-2294 | Fax:  (518) 915-7738 | denise.buckley@ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.