UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTIEU BURKS,

                              *Plaintiff*,

-against-

CORRECTION OFFICER CHAD STICKNEY; CORRECTION OFFICER NOLAN; CORRECTION OFFICER SMITH; CORRECTION OFFICER EDWARD L. PEPPER; SERGEANT JOHN MARK CROSS; CORRECTION OFFICER DAVID J. CHAMBERLAIN; CORRECTION OFFICER JOSHUA R. WOOD; JOHN DOE "E" BLOCK SERGEANT; SUPINTENDENT STEVEN RACETTE, SUPERINTENDENT MICHAEL KIRKPATIRCK, JOHN DOE SUPERVISOR IN CHARGE OF SECURITY #1, JOHN DOE CORRECTION OFFICERS ##1-25,

*Defendants*.

**DECLARATION OF MICHAEL KIRKPATRICK**

9:16-CV-759

FJS/DEP

---

      Michael Kirkpatrick, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

      1.     I am a defendant in the above referenced litigation and I submit this Declaration in opposition to plaintiff's motion for sanctions on defendants for their conduct in discovery. Dkt. No. 81.

1

2. This Declaration is based on my knowledge of procedures employed at Clinton, my personal recollection, my review of my calendar, and my discussions with administrative staff at Clinton.

3. I am an employee of the New York State Department of Corrections and Community Supervision ("DOCCS"). I have been employed by DOCCS since February 11, 1985.

4. I currently am employed as the Superintendent of Clinton Correctional Facility ("Clinton"), a position I have held since August 6, 2015.

5. As Superintendent, I am responsible for the overall operations of both facilities, Clinton Main and Clinton Annex, which includes approximately 1,400 employees and 2,900 inmates.

6. I understand that plaintiff's motion for sanctions is based, in part, on the fact that my deposition was cancelled on short notice on two separate occasions prior to proceeding on October 24, 2017.

7. My deposition was scheduled to proceed on July 25, 2017, but it had to be cancelled on short notice because I was physically ill.

8. The decision to cancel my deposition was made on July 24, 2017.

9. The reason why I waited until the day before the deposition to cancel it is that I had been hoping that I would recover and be well enough by the 25th to attend the deposition, but, unfortunately, it became clear to me by the 24th that I would not be well enough to attend the deposition the next day.

10. The following week, my deposition was scheduled to take place on September 20, 2017.

11. About one month before the deposition was scheduled to take place, I asked Assistant Attorney General Denise Buckley if the deposition could be rescheduled to September 22, 2017 as another matter had arisen which required my presence at the facility on September 20th.

12. AAG Buckley advised me that she would contact plaintiff's counsel to see if the deposition could be rescheduled for September 22nd.

13. AAG Buckley later confirmed that plaintiff's counsel had consented to reschedule the deposition for September 22nd.

14. On the evening of September 21, 2017, I was alerted to a serious security issue at Clinton which possibly required a search of the entire Annex building.

15. As soon as I became aware of the issue, I phoned AAG Buckley to alert her to the fact that I might not be able to attend the deposition the next day.

16. AAG Buckley advised me that she would contact plaintiff's counsel to let him know that the deposition might need to be cancelled and she asked me to let her know once the position was confirmed.

17. Clinton is a maximum security correctional facility and, as Superintendent, I have a high level of accountability for ensuring that security issues at the facility are addressed appropriately.

18. Shortly after my discussion with AAG Buckley, I became aware of facts that underscored the seriousness of the security issue at hand and it became clear to me that my presence at the facility the next day was absolutely necessary particularly given that my First

3

Deputy for Security was out on leave and was not available to come into the facility to supervise the possible search in my absence.

19. I immediately phoned AAG Buckley and informed her that I would not be able to attend the deposition the next day.

20. AAG Buckley advised me that she would let plaintiff's counsel know that the deposition could not go forward on the 22nd and she would be in touch to reschedule it.

21. My deposition was thereafter scheduled to take place on October 24, 2017 and it proceeded on that date without any difficulty.

22. As set forth above, my deposition was cancelled on short notice on two occasions because of factors beyond my control.

23. I communicated my inability to attend my deposition on July 25th and September 22nd as soon as it became clear to me that I would not be able to attend.

24. At all times I cooperated and proceeded in good faith with regard to the scheduling of my deposition and ultimately my deposition was conducted prior to the close of discovery on October 31, 2017.

Dated: November 9, 2017
      Dannemora, New York

                                                        *s/ Michael Kirkpatrick*
                                                          Michael Kirkpatrick