IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MATTIEU BURKS,

                Plaintiff,          Civil Action No.
                                   9:16-CV-0759 (FJS/DEP)

     v.

CHAD STICKNEY, *et al.*,

                Defendants.

_____

APPEARANCES:                   OF COUNSEL:

FOR PLAINTIFF:

STOLL, GLICKMAN & BELLINA LLP   LEO GLICKMAN, ESQ.
475 Atlantic Avenue, Third Floor
Brooklyn, New York 11217

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN      DENISE P. BUCKLEY, ESQ.
New York State Attorney General    ADRIENNE J. KERWIN, ESQ.
The Capitol                      Assistant Attorneys General
Albany, NY 12224


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>DECISION AND ORDER</u>

I.    <u>BACKGROUND</u>

Plaintiff Mattieu Burks, a New York State prison inmate, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against various employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). In his complaint, as amended, plaintiff alleges that defendants harassed and assaulted him while he was incarcerated in the Clinton Correctional Facility ("Clinton") in an effort to dissuade him from cooperating with investigations conducted regarding prisoner abuse at Clinton and the introduction of contraband into the facility.

Discovery in this action, which is nearly complete, has often been contentious. As a result of motion practice prompted by plaintiff's demand for information concerning investigations related to smuggling and/or secreting of contraband and prisoner abuse at Clinton, and defendants' objection to the demand, I issued an order on June 14, 2017 ("June order"), in which I directed, in pertinent part, as follows:

> (1)    On or before July 1, 2017, defendants shall produce to plaintiff a list of all known investigations conducted of DOCCS employees at the Clinton Correctional Facility and in progress at any time between January 1, 2015 and August 31, 2015, related to the issue of smuggling and/or secreting of contraband, or prisoner abuse, at the facility. Such list shall include the dates on which the investigation began

2

> and ended, state the subject of the investigation, and
> identify any DOCCS employees whose actions were
> investigated.

Dkt. No. 57 at 2.[1] Currently pending before the court is defendants'

request from relief from the above-quoted portion of the June order.

Defendants' motion is supported, in part, by one of three

declarations given in the case by Shawn Mousseau, a Senior Investigator

in the Intake and Management Unit of the DOCCS Office of Special

Investigations ("OSI"). Dkt. No. 74-3. In general, in his declaration,

Mousseau complains that complying with the June order would be overly

burdensome. *See, e.g., id.* at 3 ("To examine only the files of the 97 cases

that were opened during the period in question and determine all of the

information set out in the Court's order would require me to spend many

hours each day for several weeks. Of course, this work would also

interfere with all of my everyday [sic] and emergency responsibilities, and

thus I would have to perform these tasks when I can do so along with my

other urgent duties."). Defendants argue that the burden, as described by

Mousseau, of producing the information specified in the June order

outweighs any potential relevance of the information sought. Dkt. No. 74-6

---

[1]     In a subsequent text order, the court exempted grievance investigations from
the scope of the June order. Dkt. No. 62.

3

at 15-16. The court has twice heard oral argument concerning defendants'

motion for reconsideration and conducted an evidentiary hearing on

November 13, 2017, at which Mousseau testified.

II.    <u>DISCUSSION</u>

     Defendants' motion is brought pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, which provides as follows:

> **(b) Judgment on Multiple Claims or Involving
> Multiple Parties.** When an action presents more
> than one claim for relief--whether as a claim,
> counterclaim, crossclaim, or third-party claim--or
> when multiple parties are involved, the court may
> direct entry of a final judgment as to one or more,
> but fewer than all, claims or parties only if the court
> expressly determines that there is no just reason for
> delay. Otherwise, any order or other decision,
> however designated, that adjudicates fewer than all
> the claims or the rights and liabilities of fewer than
> all the parties does not end the action as to any of
> the claims or parties and may be revised at any time
> before the entry of a judgment adjudicating all the
> claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis in original). Under that rule, a district court

retains the authority "to revise [any of its interlocutory orders] at any time

before the entry of final judgement." *In re: WTC Disaster Cite*, 414 F.3d

352, 381 (2d Cir. 2005) (quotation marks and alterations omitted); *accord*,

*Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212

(2d Cir. 2010) ("There is no question that a district court has the authority

4

to revise any non-final order at any time before the entry of a judgment."
(citing Fed. R. Civ. P. 54(b) (quotation marks and alteration omitted)).

While the court retains the inherent authority to modify its June
order, the standard for doing so is not prescribed by Rule 54(b). In this
district, requests for relief from non-final orders are governed in the first
instance by case law decided under Local Rule 7.1(g), which provides, in
pertinent part, as follows:

> **Motion for Reconsideration.** Unless Fed. R. Civ.
> P. 60 otherwise governs, a party may serve a
> motion for reconsideration or reargument no later
> than **FOURTEEN DAYS** after the entry of the
> challenged judgment, order, or decree.  All motions
> for reconsideration shall conform with the
> requirements set forth in L.R. 7.1(a)(1) and (2) . . . .
> The Court will decide motions for reconsideration or
> reargument on submission of the papers, without
> oral argument, unless the Court directs otherwise.

N.D.N.Y. L.R. 7.1(g) (emphasis in original).[2] Under Local Rule 7.1(g),
reconsideration of an order entered by the court is appropriate upon a
showing of "(1) an intervening change in controlling law, (2) the availability

---

[2]    Parenthetically, Rule 60 of the Federal Rules of Civil Procedure does not apply
in this case, where the order or judgment in question (an order compelling defendants
to produce certain information) is not a final one. *See, e.g., Makas v. N.Y. State Dep't
of Motor Vehicles*, No. 97-CV-1892, 1998 WL 219588, at  *1 n.1 (N.D.N.Y. Apr. 29,
1998) (McCurn, J.) ("This motion for reconsideration is not made pursuant to Rule
60(b) of the Federal Rules of Civil Procedure because [that rule] only applies to final
judgments and orders."). Instead, reconsideration is properly sought under rule 7.1(g)
of the local rules. *Douglas v. N.Y. State Adirondack Park Agency*, No. 10-CV-0299,
2012 WL 5364344, at *4 (N.D.N.Y. Oct. 30, 2012) (Suddaby, J.).

of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R.1, 3 (N.D.N.Y. 1995) (McAvoy, J.); *see also Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 244 (N.D.N.Y. 2002) (McCurn, J.); *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.).

The benchmark for seeking reconsideration of a court's order has been described as demanding. *In re C-TC 9th Ave. P'ship*, 182 B.R. at 2. A motion for reconsideration is not a vehicle through which a losing party may raise arguments that could have been presented earlier but for neglect, nor is it a device "intended to give an unhappy litigant one additional chance to sway the judge." *Brown v. City of Oneonta, N.Y.*, 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (McAvoy, J.) (quotation marks omitted). To qualify for reconsideration, "[t]he moving party [must] point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995).

Defendants' pending motion, like its predecessors, must also be decided against the backdrop of Rule 26(b) of the Federal Rules of Civil Procedure, which dictates the scope of pretrial discovery in federal civil

actions. In relevant part, Rule 26 provides that "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case[.]" Fed. R. Civ.

P. 26(b). The rule also includes a list of considerations for a court when

determining whether a discovery request is "proportional to the needs of

the case," including the following:

> [T]he importance of the issues at stake in the
> action, the amount in controversy, the parties'
> relative access to relevant information, the parties'
> resources, the importance of the discovery in
> resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its
> likely benefit.

*Id.*

When issuing my June order, I found at least some modicum of

relevance in the information sought by plaintiff. Determining the extent of

that relevance, however, has been hampered by plaintiff's refusal to

cooperate with defendants' efforts to ascertain the extent of his knowledge

concerning smuggling contraband into and prisoner abuse at Clinton.

Based upon the recent hearing, the court now has a better

understanding of the information available to the DOCCS and the burden

of complying with the June order than it did when issuing the June order.

The purpose of the June order was to allow for plaintiff's counsel to

discover what investigations concerning prison abuse and smuggling and/or secreting of contraband were underway at Clinton between January 1, 2015 through August 1, 2015. Mousseau testified that, through his search of both the OSI electronic filing system and a spreadsheet that he has independently generated during his tenure as the OSI's Senior Investigator, he has been able to identify ninety-seven OSI investigations falling into the two relevant categories and opened during the relevant timeframe. While Mousseau also testified that it is possible to search the electronic case filing system and his spreadsheet to identify the investigations closed during any period of time, he stated that, if he did that for investigations closed between January 1, 2015 and August 1, 2015, in combination with the search of investigations opened during that period, the search would not capture investigations opened prior to January 1, 2015, but closed after August 1, 2015.

Mousseau also indicated that the OSI electronic case filing system generates a summary sheet for each OSI investigation and that the information included in the summaries may include the employees involved, the subject of the investigation, the case category (*e.g.*, excessive force/assault), the date the complaint was received, any inmates and their roles in the case (*e.g.*, complainant, witness), and a

succinct narrative of the allegations that formed the basis for the investigation.[3] Mousseau cautioned, however, that the accuracy and completeness of those summaries are dependent upon the diligence and at the discretion of the investigator assigned to the case. In other words, there is no uniform method or manner in which an investigator assigned to any particular case uploads the information gathered during the investigation into the electronic case file. For that reason, in Mousseau's view, it is necessary for him to conduct a search the physical paper case file for each of the investigations in order to compile the information required in the court's June order. He further stated that those files can be fairly extensive, containing up to as many as five hundred pages each.

In addition to arguing burden, the DOCCS has objected to disclosing to plaintiff any information generated during an investigation that remains open on the basis that such disclosures could be potentially harmful to the ongoing investigations. Based on Mousseau's testimony at the recent hearing, it appears that, of the ninety-seven investigations identified as having been opened during the relevant period, approximately twenty remain open.

---

[3]    An example of those summary sheets is set forth in Dkt. No. 66-1 at 3-5 (duplicated at Dkt. No. 78).

Based upon the testimony adduced at the hearing, I am unconvinced that providing certain basic information concerning OSI investigations at Clinton falling into the categories specified and covering the period in issue would be unduly burdensome or detrimental to the security of the facility. I am, however, sensitive to the security concerns voiced regarding ongoing investigations and the burden associated with conducting the review of the physical paper files of ninety-seven, or even seventy-seven, investigations, and have weighed those factors against the potential relevance of the information sought as required under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Based upon the foregoing, and in light of the submission of newly discovered evidence, I find that revision of my order is warranted.

III.    <u>SUMMARY AND ORDER</u>

Based upon the foregoing, it is hereby

ORDERED as follows:

(1)    Defendants' motion for relief from the court's June order (Dkt. No. 74) is GRANTED.

(2)    Paragraph one of the court's June order (Dkt. No. 57) is hereby VACATED and superseded by this order.

(3)    On or before December 15, 2017, defendants shall produce to plaintiff a list of all known investigations conducted of DOCCS employees at the Clinton Correctional Facility that were in progress at any time between January 1, 2015 and August 31, 2015, related to the issues of either smuggling and/or secreting of contraband or prisoner abuse at the facility.

(4)    In generating the information directed in paragraph (3), defendants and the DOCCS shall accomplish the following steps:

(a)    Identify all OSI investigations covering the subject matters set forth above and opened between January 1, 2015 and August 31, 2015.

(b)    Identify all OSI investigations covering the subject matters set forth above and closed between January 1, 2015 and the date of the disclosure to plaintiff.

(c)    Of the investigations closed during that timeframe, identify those that were opened between January 1, 2015 and August 31, 2015.

(5)    After completing the foregoing steps, but also by or before December 15, 2017, defendants and the DOCCS shall review the underlying files associated with the pertinent investigations and provide to

plaintiff the dates on which the investigations began and ended, the subject of the investigations, and the identity of any DOCCS employees whose actions were investigated.

(6)    Defendants and the DOCCS are not required to produce the information specified in paragraph (5) relating to any OSI investigation that remains open and pending.

(7)    As an alternative to the review of the pertinent investigations proposed in paragraph (5), defendants and the DOCCS may forward to the court for *in camera* review the summary sheets generated by the OSI electronic case filing system regarding the investigations. After reviewing the summary sheets provided for *in camera* inspection, the court will determine whether they provide sufficient information to satisfy plaintiff's discovery needs or whether further analysis of the underlying physical case files is required for all or some of the matters disclosed.

(8)    The information provided to plaintiff under the terms of this order is confidential and for attorney's eyes only. Plaintiff's counsel may not disclose this information to anyone outside of his law firm without prior consent of defendants' counsel or court approval.

(9)    No costs or attorney's fees are awarded to any party in connection with this matter.

Dated:     November 22, 2017
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge