IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MATTIEU BURKS,

        Plaintiff,   Civil Action No.
   9:16-CV-0759 (FJS/DEP)
  v.

CHAD STICKNEY, *et al.*,

        Defendants.

_____

APPEARANCES:   OF COUNSEL:

FOR PLAINTIFF:

STOLL, GLICKMAN & BELLINA LLP   LEO GLICKMAN, ESQ.
475 Atlantic Avenue, Third Floor
Brooklyn, New York 11217

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN   DENISE P. BUCKLEY, ESQ.
New York State Attorney General   ADRIENNE J. KERWIN, ESQ.
The Capitol   Assistant Attorneys General
Albany, NY 12224


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

On November 22, 2017, I issued an order in this civil rights action, brought by plaintiff Mattieu Burks pursuant to 42 U.S.C. § 1983, directing the New York State Department of Corrections and Community Supervision ("DOCCS") to produce information related to investigations conducted involving prisoner abuse or the issue of smuggling/secreting of contraband at the Clinton Correctional Facility ("Clinton") that were open and ongoing at any time between January 1, 2015 and August 31, 2015. Dkt. No. 90. The order specified the steps to be taken in retrieving and producing the information ordered. Specifically, the order required the DOCCS to undertake the following steps in meeting its obligations:

> (a) Identify all DOCCS Office of Special Investigations ("OSI") investigations covering the subject matters set forth above and opened between January 1, 2015 and August 31, 2015.
>
> (b) Identify all OSI investigations covering the subject matters set forth above and closed between January 1, 2015 and the date of the disclosure to plaintiff.
>
> (c) Of the investigations closed during that timeframe, identify those that were opened between January 1, 2015 and August 31, 2015.

*Id.* at 11. The order then required the DOCCS either to review the files associated with the investigations falling into the specified category, or the

alternative, to provide to the court summary sheets of those OSI investigations for *in camera* review. *Id.* at 11-12.

Under cover of a letter dated December 12, 2017 from Joshua Pepper, Esq., Associate Counsel with the DOCCS, the court was provided with a total of 290 OSI summary sheets, regarding investigations opened in 2015, 2016, and 2017.[1] *See* Dkt. No. 92-1. Of those, a total of 80 fall into the category specified in my order, dated November 22, 2017. Based upon a review of those 80 OSI summary sheets, I find that they include sufficient information to apprise plaintiff of the nature of the investigations, and the identities of any employees known to have been involved in the matters under investigation.

In his cover letter, Attorney Pepper objects to the court disclosing specific information concerning the investigations in progress at Clinton between January 1, 2015 and August 31, 2015, relative to the issues of smuggling and/or secreting of contraband or prisoner abuse. Dkt. No. 92-1. That objection is based upon the fact that during his deposition, plaintiff refused to testify concerning his knowledge of investigations undertaken at

---

[1] The DOCCS production appears to have been significantly over inclusive, including documents related to investigations that were opened after, and in many instances well after, the close date of August 31, 2015.

3

Clinton which, he claims in his lawsuit, provided the genesis for his being abused by corrections officials at the facility.

The court agrees with the assertion of the DOCCS and the defendants that having refused to disclose his knowledge concerning investigations at the facility, plaintiff should not now be provided with information concerning those investigations. Accordingly, having disclosed to plaintiff's counsel information concerning the number of investigations open during the relevant time period and concerning the subject matters identified, and in light of plaintiff's refusal to testify as to his knowledge concerning those investigations, I deem the DOCCS and the defendants to be in full compliance with my November 22, 2017 order, and will respectfully request that the Clerk of the Court return the materials submitted for *in camera* review to Joshua Pepper, Esq., Associate Counsel, New York State Department of Corrections and Community Supervision, The Harriman State Campus, 1220 Washington Avenue, Albany, New York 12226-2050. Attorney Pepper is directed to maintain the

documents submitted for *in camera* inspection until the final disposition of this case.

It is hereby SO ORDERED.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   January 9, 2018
         Syracuse, NY